F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**JUN 30 1998**

**PATRICK FISHER**
**Clerk**

# UNITED STATES COURT OF APPEALS

# TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

PHILIP SCOTT MAY,

      Defendant-Appellant.

No. 97-1063
(D.C. No. 96-N-2245)
(Colorado)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **BRORBY** and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Philip Scott May brought this action under 28 U.S.C. § 2255, seeking to vacate his conviction under 18 U.S.C. § 924(c) in light of the Supreme Court's recent decision in *Bailey v. United States*, 116 S. Ct. 501 (1995). The district

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

court denied relief and granted Mr. May a certificate of appealability pursuant to 28 U.S.C. § 2253.[1] Mr. May appeals and we affirm.

Mr. May was convicted of four drug charges and of carrying a firearm in relation to a drug trafficking crime in violation of section 924(c)(1). The firearm conviction was based on Mr. May's conduct in driving to meet his co-defendant at the scene of a proposed drug deal, bringing the purchase money in the trunk of his car, and carrying a handgun on his person. Although Mr. May was charged only under the "carry" prong of section 924(c)(1), the jury was instructed without objection on both the "use" and "carry" prongs.[2] Mr. May did not object to the

---

[1] The government argues that the trial court's grant of a certificate of appealability was in error and that this court should deny the certificate because "[n]othing in *Bailey* enlarges or changes a constitutional principle." Aplee. Br. at 5. Although we conclude that Mr. May is not entitled to relief under section 2255, we point out that a petitioner who claims he was convicted on the basis of conduct that is not criminal under *Bailey* has asserted "a complete miscarriage of justice," *United States v. Holland*, 116 F.3d 1353,1356 (10th Cir.), *cert. denied,* 118 S. Ct. 253 (1997), a due process claim sufficient to support the grant of a certificate of appealability.

[2] The actual instructions are not part of the record. The district court accepted the instruction we quote below as accurate and the parties do not contend otherwise. The instruction at issue is as follows:

> The phrase uses or carries a firearm means having a firearm or firearms available to assist or aid in the commission of the crime charged in Count Six of the indictment.
>
> In determining whether the defendant used or carried a firearm, you may consider all of the factors received in evidence in the case, including the nature of the underlying crime of violence, or drug trafficking crime alleged, the proximity of the defendant to the firearm in question, and the circumstances surrounding the presence of the firearm.

form of the instruction at trial, nor did he assert it as error in his direct appeal. *See United States v. May*, 52 F.3d 885 (10th Cir. 1995).

As Mr. May recognizes in this appeal, the circumstances here are quite unusual. While Mr. May was charged only with carrying under section 924(c)(1), the jury was instructed on both use and carry. The instruction itself is erroneous under *Bailey* with respect to the "use" prong, and incomplete as to the "carry" prong under Tenth Circuit and Supreme Court law, as we discuss below. No claim was made at trial or on direct appeal that the jury was improperly instructed on a matter not charged, nor was the substance of the instruction itself challenged. Mr. May admitted at trial that he took the gun from his house and that he carried it on his person when he drove to the scene of the purported drug deal and waited in the car for his co-defendant to complete the transaction. Mr. May nonetheless asserts that he is entitled to a new trial on the section 924 (c)(1) charge because the instruction was directed in part to using a firearm, an offense not charged in the indictment, and because the instruction on carrying a firearm was incomplete.[3]

> The government is not required to prove that the defendant actually displayed, brandished or fired a weapon. The government is required to prove, however, beyond a reasonable doubt, that the firearm was in the defendant's possession or control at the time that the drug trafficking crime was committed.

Rec., doc. 4, at 5.

[3] The government concedes that the "use" instruction was incorrect under *Bailey* but points out that the *Bailey* decision did not change the law with respect to the "carry" prong of section 924(c)(1).

When, as here, a petitioner has defaulted the claims he seeks to raise in a section 2255 motion, he must ordinarily show cause for his default and actual prejudice resulting from the error he asserts. *See United States v. Holland*, 116 F.3d 1353, 1356 (10th Cir.), *cert. denied*, 118 S. Ct. 253 (1997). We held in *Holland* that the petitioner had shown cause for his failure to raise his *Bailey* argument at trial and on direct appeal because *Bailey* overturned a longstanding and widespread practice to which the Supreme Court had not spoken, but which a nearly unanimous body of lower courts had adopted. *Id.* We concluded that an argument based on the position later adopted in *Bailey* had no reasonable basis in existing law. *Id.*

However, no such impediment prevented Mr. May from challenging the instruction at issue here either at trial or on direct appeal as an improper instruction on a prong not charged in the indictment or as an incomplete description of a "carrying" offense. Both of those arguments were available at the time of Mr. May's trial and direct appeal under existing law, and subsequent authority has not undermined their validity. As we pointed out in *Holland*, "nothing in Bailey . . . conflicts with our pre-Bailey 'vehicular carrying' line of cases." 116 F.3d at 1357 n.2 (internal quotations and citation omitted). Moreover, the Supreme Court has recently construed the elements of a section 924(c)(1) violation under the "carry" prong in a manner completely congruent

with those cases. *See Muscarello v. United States*, Nos. 96-1654, 96-8837, 1998 WL 292058 (U.S. June 8, 1998).

It is true, as Mr. May asserts, that under our vehicular "carrying" cases the government must prove the defendant both "'transported a firearm in a vehicle and that he had actual or constructive possession of the firearm while doing so.'" *Holland*, 116 F.3d at 1357 n.2 (quoting *United States v. Miller*, 84 F.3d 1244, 1259 (10th Cir. 1996)). The instruction that Mr. May challenges required the government to prove possession, but did not directly address the transportation element required by our cases. Nonetheless, Mr. May has offered no cause for his failure to raise this deficiency either at trial or on direct appeal,[4] and we therefore are precluded from considering it. *See United States v. Frady*, 456 U.S. 152, 167-68 (1982).

Accordingly, we **AFFIRM** the denial of Mr. Mays' motion to vacate his conviction under 18 U.S.C. § 924(c)(1).

ENTERED FOR THE COURT

---

[4] Mr. May has not asserted that either his trial or appellate counsel were ineffective in this regard.

Stephanie K. Seymour
Chief Judge