**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 13 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARLON D. WATSON,

Defendant-Appellant.

No. 97-3373
(D.C. No. 97-CV-3216-EEO)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BARRETT**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Marlon D. Watson appeals the district court's denial of his motion to vacate, set aside, or correct his convictions, brought pursuant to 28 U.S.C. § 2255. We grant a certificate of appealability only as to defendant's argument regarding the effect of Bailey v. United States, 516 U.S. 137 (1995), and affirm the judgment of the district court.[1]

On June 9, 1994, defendant was stopped for speeding. During the traffic stop the officer noticed a Mac 12 semiautomatic firearm protruding from under the driver's seat. Defendant was arrested for violating a city ordinance prohibiting the carrying of a weapon in the passenger portion of a vehicle. A search of defendant revealed a pager on his belt and 13 individually wrapped packets of crack cocaine, totaling 4.29 grams, in his pockets. At trial, defendant denied the cocaine was his, testifying he had inadvertently picked up the wrong jacket at a party that evening. Defendant was convicted of one count of possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and one count of using or carrying a firearm in connection with a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). His convictions

---

[1] As defendant filed this § 2255 motion well after enactment of the Antiterrorism and Effective Death Penalty Act of 1996, he is subject to the requirement that he obtain a certificate of appealability by making "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

were affirmed on appeal in <u>United States v. Watson</u>, No. 94-3413, 1995 WL 628114 (10th Cir. Oct. 26, 1995).

On May 15, 1997, defendant filed his § 2255 motion, alleging the convictions were invalid because (1) the evidence was insufficient to support a conviction for using or carrying a firearm under 18 U.S.C. § 924(c)(1) in light of <u>Bailey</u>, 516 U.S. 137; (2) the evidence of intent to distribute was insufficient to support a conviction; (3) the court erred in refusing to give an instruction regarding the lesser included offense of simple possession; and (4) his attorney was ineffective. In a detailed Memorandum and Order, the district court denied defendant's claims, finding the jury's verdict cured the <u>Bailey</u> error, the second and third issues were procedurally barred, and defendant failed to demonstrate prejudice from his attorney's alleged ineffectiveness. As defendant has not made a substantial showing of the denial of a constitutional right regarding his second, third, and fourth issues, we discuss only the <u>Bailey</u> claim and dismiss the remaining claims.

During defendant's trial, the jury was instructed regarding the elements of 18 U.S.C. § 924(c)(1), in pertinent parts, as follows:

> With regard to Count II, the essential elements required to be proved in order to establish the guilt of the defendant are as follows:
>
> FIRST: That the defendant committed a crime of possession with intent to distribute . . . .

SECOND: That during and in relation to the commission of the drug trafficking crime, the defendant used or carried a firearm as described . . . .

. . . .

A firearm is used or carried during and in relation to a drug trafficking crime when a defendant had ready access to it, and the firearm was an integral part of the criminal undertaking, and its availability increased the likelihood that the criminal undertaking would succeed.

R. I, doc. 33, Instructions 9 & 10. After defendant's conviction and appeal, the Supreme Court held that the "use" prong of this crime could not be satisfied by passive possession, requiring instead a finding that the firearm was actively employed in relation to a drug trafficking offense. See Bailey, 516 U.S. at 143-44. Therefore, the jury was incorrectly instructed in defendant's case.

This error does not require reversal, however. In United States v. Holland, 116 F.3d 1353 (10th Cir.), cert. denied, 118 S. Ct. 253 (1997), we held

an erroneous "use" instruction does not require reversal of the conviction when the jury was also instructed without objection on "carry," the defendant did not dispute that the firearm was carried on his person or in his vehicle, and the jury verdict necessarily includes an inherent finding of "carrying during and in relation to the drug crime." The essential inquiry is whether the jury's verdict, under the instructions given and the nature of the evidence, required the jury to find all the elements of a "carrying" violation, or stated another way, whether the verdict was the functional equivalent of such a finding. We must be convinced that it was impossible upon the evidence and instructions for the jury to have returned a "use" conviction without finding all the elements of a "carrying" violation as well.

-4-

Id. at 1359 n.4. Here, there was no objection to the "carry" instruction, and defendant did not dispute that the firearm was carried in his vehicle. Further, the jury's verdict necessarily included the elements of a "carrying" violation, that is, the jury necessarily found that defendant possessed and transported the weapon during and in relation to a drug trafficking offense.

To return a guilty verdict under the instructions, the jury had to have found that defendant had ready access to the weapon, thus satisfying the "possession" element, see United States v. Miller, 84 F.3d 1244, 1258-59 (10th Cir.), cert. denied, 117 S. Ct. 443 (1996), overruled in part on other grounds, Holland, 116 F.3d at 1359 n.4; United States v. McDonald, 933 F.2d 1519, 1526 (10th Cir. 1991). The jury also expressly found that defendant used or carried the firearm "during and in relation to a drug trafficking offense." Finally, as the only evidence linking defendant to the firearm was evidence that it was in the vehicle he was driving, the jury's verdict necessarily encompassed a finding that he transported the weapon. See United States v. Durham, 139 F.3d 1325, 1335 (10th Cir. 1998) (holding, when semi-automatic pistol found between driver's and passenger's seats of truck stopped for speeding, jury's finding that driver possessed weapon at time of traffic stop necessarily encompassed a finding that he transported weapon to that location). This is especially so in light of

defendant's uncontradicted testimony that he removed the gun from the trunk and placed it in his car before driving home from the party.  See Tr. at 67, 94-95.

Defendant argues, however, that the Holland analysis should not apply because the jury was not instructed as to the necessary elements of a "carry" violation.  This is incorrect for several reasons.  On very similar facts in Durham, 139 F.3d at 1335, we held the failure to administer a complete instruction with regard to the "carry" prong did not require reversal so long as the Holland requirements were satisfied.  Further, as the definition of "carry" remained the same after Bailey was decided, defendant has not shown cause for failing to challenge the incomplete definition in his direct appeal.  See, e.g., United States v. May, No. 97-1063, 1998 WL 380540, at *2 (10th Cir. June 30, 1998) (holding defendant's failure to challenge incomplete definition of "carry" on direct appeal precluded consideration of issue in § 2255 motion).  Lastly, we are not convinced that a failure to define the term "carry" is error.  See United States v. Rhodenizer, 106 F.3d 222, 225 (8th Cir. 1997) (holding failure to define "carry" not error); United States v. Salazar, No. 97-4124, 1998 WL 339456, at *2 (10th Cir. June 10, 1998) (holding failure to define "carry" in instructions not error as term familiar to one of ordinary intelligence); United States v. Arias-Santos, No. 96-1490, 1997 WL 452254, at **4 (10th Cir. Aug. 8, 1997) (same).

Defendant has moved this court for an appointment of counsel. Because the issues before us are not complex, defendant competently presented his arguments, and there is little likelihood he would succeed even with counsel, we deny his motion. See Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995).

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge