**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 26, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff – Appellee,

v.

GLENN VINCENT ROBINSON,

      Defendant – Appellant.

No. 04-7052

**Appeal from the United States District Court**
**for the Eastern District of Oklahoma**
**(D.C. No. CR-03-77-P)**

Paul D. Brunton, Federal Public Defender (Michael Abel, Assistant Federal Public Defender with him on the brief) Office of the Federal Public Defender, Tulsa, Oklahoma for the Defendant-Appellant.

Sheldon J. Sperling, United States Attorney (Robert Gay Guthrie, Assistant United States Attorney with him on the brief), Muskogee, Oklahoma for the Plaintiff-Appellee.

Before **HENRY**, **HOLLOWAY,** and **LUCERO**, Circuit Judges.

**LUCERO**, Circuit Judge.

      Glenn Vincent Robinson appeals his convictions for two counts of

attempted manufacture of methamphetamine and two counts of possession of a

firearm in furtherance of a drug trafficking offense arising out of two separate incidents that occurred in 2002 and 2003 in Oklahoma. Robinson argues that the jury instructions applicable to each conviction were misleading. Specifically, he argues that the jury instructions were misleading in their definition of what constitutes a "substantial step" towards the attempted manufacture of methamphetamine, and that the language "possession in furtherance of" for the purposes of the firearms charges must be defined for the jury to apply them intelligently. He also argues that the evidence was insufficient to convict him of one count of the firearms charge. Finally, Robinson contends that he must be resentenced under United States v. Booker, 540 U.S. 220 (2005). Because the challenged jury instructions were not misleading, and because the evidence was sufficient to support the challenged firearm conviction, we **AFFIRM** Robinson's convictions. However, in light of the government's concession that this case warrants resentencing under Booker, we **VACATE** Robinson's sentence and **REMAND**.

## I

On March 22 , 2002, Robinson's pickup truck was stopped by Officer Roberts of the Stilwell Oklahoma Police Department for a traffic violation in Adair County ("Adair County arrest"). After Roberts approached the vehicle, Robinson failed to produce a driver's license, and was determined to be driving a

vehicle with an expired registration. When Roberts discovered that there was a warrant for Robinson's arrest, she, with the help of Officer Caton, placed Robinson under arrest and secured him in the rear of her patrol car. After the arrest, another officer on the scene, Officer Girdner, observed numerous firearms lying on the bench seat beside the driver. Before those firearms could be recovered, however, Girdner noticed that Robinson was apparently attempting to escape by crawling over the driver's seat of the patrol car. Girdner ran to the patrol car, extracted Robinson, and pinned him to the ground. Robinson was restrained until a fourth officer arrived to help transport him to jail.

Officers took an inventory of Robinson's pickup truck and itemized a personal arsenal of four firearms including two 7.62 x 39 SKS semiautomatic assault rifles. These weapons were all fully loaded, operational, and within reach of the driver's seat. The inventory also included the following contraband: 249.52 grams of ephedrine/pseudoephedrine (a quantity sufficient to manufacture 134 grams of pure methamphetamine); 5,006.03 grams of a mixture that contained a detectable amount of methamphetamine; and 40.03 grams of solid state methamphetamine. The officers also found, concealed in the bed of the truck

under plywood and plastic sheeting, numerous items used in manufacturing methamphetamine.[1]

One year later, on March 21, 2003, an off-duty Oklahoma highway patrol officer, Trooper Hyde, and two civilian friends were driving all-terrain vehicles looking for a place to turkey hunt when they noticed a vehicle parked fifty yards off the main road in a rural area of Sequoyah County. Approaching Robinson to offer assistance, Hyde observed open liquor containers, a rifle, a glass smoking pipe, and numerous items associated with the manufacture of methamphetamine. Hyde was neither in uniform nor armed. Once he was within reach, Hyde immediately retrieved the rifle laying beside Robinson and unloaded it. Robinson insisted that Hyde return the rifle. Instead, Hyde produced his badge and requested identification. Robinson stated that although he had no identification, his name was "Sonny Robinson." Hyde then asked whether all the "stuff" at the campsite was Robinson's. He said that it was. Hyde placed Robinson under arrest, but lacking handcuffs, could not restrain him ("Sequoyah County arrest").

Pointing to a bag laying nearby Robinson, Hyde asked whether it contained any illegal drugs or weapons. Robinson said "yes." As Hyde approached the bag,

---

[1] The record does not disclose why Robinson was not charged promptly after the Adair County arrest. We are told this incident, separated by one year from the Adair County arrest, occurred on March 21 because it is Robinson's birthday, and on both occasions, Robinson was merely seeking "excuse[s] to drink."

Robinson lunged for it, shoving the trooper in the process. A struggle ensued during which Hyde tossed the bag out of reach and pinned Robinson to the ground. Robinson was held for an hour until local sheriffs arrived. A subsequent inventory of the truck and campsite listed a loaded .22 caliber repeating pistol, numerous items associated with the manufacture of methamphetamine, and the rifle.[2]

On August 1, 2003, Robinson was charged in a four count indictment, two counts pertaining to the Adair County arrest and two counts pertaining to the Sequoyah County arrest. For each incident, Robinson was charged with one count of attempt to manufacture methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii), and one count of possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A). The case was tried before a jury and Robinson was convicted on all counts. The district court sentenced Robinson to 135 months' imprisonment for each count of attempted manufacture of methamphetamine. Robinson was sentenced to 120 months for the Adair County firearm charge and 300 months for Sequoyah County firearm charge. The district court ordered that the sentence on the two attempted manufacture convictions run concurrently, and the sentence on the two firearms

_____

[2] Robinson argues that the government's witnesses offered inconsistent testimony on the location of the pistol. Because the location of the pistol does not affect our analysis, we express no opinion on this disputed evidence.

convictions run consecutively. Robinson therefore faced a total of 555 months' imprisonment. The sentence imposed by the district court was the lowest possible sentence permitted by the guidelines. The district court also imposed 60 months' supervised release.

## II

Before us, Robinson challenges both his convictions for attempted manufacture of methamphetamine and one of his convictions for possession of a firearm in furtherance of a drug trafficking crime. He asserts that the jury instructions applicable to the attempted manufacture convictions were misleading in their use of the term "substantial step." He also claims that the jury instruction pertaining to the challenged firearm conviction arising out of the Sequoyah County arrest was misleading in its use of "possession in furtherance of," and that the evidence was insufficient to support the same firearm conviction.

### A

Robinson's initial challenge is directed at the jury instruction pertaining to his two convictions for attempted manufacture of methamphetamine. The standard of review for a challenge to the jury instructions is whether the jury, considering the instructions as a whole, was misled. United States v. Pappert, 112

F.3d 1073, 1076 (10th Cir. 1997). Because we conclude that the challenged instruction did not mislead the jury, this claim fails.

In order to prove attempted manufacture, the government must demonstrate that Robinson had "an intent to engage in criminal conduct and the performance of acts which constitute a 'substantial step' toward the commission of the substantive offense." United States v. Moore, 198 F.3d 793, 797 (10th Cir. 1999) (internal quotations and citations omitted). Robinson argues that the district court's instruction defining "substantial step" in the context of a methamphetamine operation was error. That definition stated: "A defendant need not possess a full 'working lab' to be convicted of attempting to manufacture methamphetamine."

We explicitly held in United States v. Leopard, 936 F.2d 1138, 1142 (10th Cir. 1991), that a defendant need not possess a full "working lab" to be convicted of attempting to manufacture methamphetamine. See also United States v. Becker, 230 F.3d 1224, 1234 (10th Cir. 2000) (possession of some, but not all, materials necessary to the manufacture of methamphetamine is sufficient to support a conviction). Leopard notwithstanding, Robinson argues that this instruction misled the jury, amounted to an improper comment by the district court on the evidence of the case, and effectively directed a finding of fact by the jury. Throughout the trial, numerous witnesses testified that many generic or

household materials can be used to manufacture methamphetamine. Robinson argues that in light of this testimony, the court's instruction encouraged the jury to conclude that "someone who is merely in possession of legal household chemicals can be convicted of attempting to manufacture methamphetamine."

Seemingly innocuous items possessed in particular combinations and particular circumstances can constitute circumstantial evidence "sufficient for a jury to draw reasonable inferences that [a defendant] took substantial steps toward the commission of the substantive offense, i.e., manufacturing methamphetamine." Becker, 230 F.3d at 1234. For this reason, we conclude that the district court correctly stated the governing law.

**B**

Robinson also challenges the jury instructions pertaining to the charge of possessing a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A) arising out of the Sequoyah County arrest. His failure to contest this instruction in the court below dictates that we apply plain error review. United States v. Duran, 133 F.3d 1324, 1330 (10th Cir. 1998). To establish plain error, Robinson must demonstrate, inter alia, that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Olano, 507 U.S. 725, 732 (1993). We conclude that even if the court's instruction was erroneous, Robinson cannot demonstrate plain error.

Title 18 U.S.C. § 924(c)(1)(A) provides for a mandatory minimum five-year term of imprisonment for "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm . . . ." Robinson contends that the district court's failure to define the elemental phrase "in furtherance of" encouraged the jury to convict him even if they found he merely possessed the weapons.

The improper definition of elemental terms in a jury instruction pertaining to a § 924(c)(1) charge can constitute reversible error. See, e.g., United States v. Holland, 116 F.3d 1353, 1358-59 (10th Cir. 1997); United States v. Durham, 139 F.3d 1325, 1334-35 (10th Cir. 1998). Robinson, however, does not contend that a charging definition incorrectly stated the law. Rather, his complaint is that no definition was given for "in furtherance of."

A significant line of cases holds that it is not error – plain or otherwise – to fail to define a statutory term or phrase that carries its natural meaning. For example, a number of cases have held that failure to define "carries" in § 924(c)(1) is not error because it is a commonly understood term. See, e.g., United States v. Rhodenizer, 106 F.3d 222, 225 (8th Cir.1997).[3] Other courts

_____

[3] In several unpublished orders we have reached the same conclusion. See United States v. Watson, 1998 WL 514621, at *3 (10th Cir. Aug. 13, 1998);

(continued...)

have likewise held that "materiality," "intimidate," "possession," "in relation to," and "knowingly" do not have such technical or unfamiliar meanings that failure to define them in jury instructions constitutes plain error.  See United States v. Blasini-Lluberas, 169 F.3d 57, 67 (1st Cir. 1999) (failure to define "materiality" not plain error); United States v. Fulmer, 108 F.3d 1486, 1495 (1st Cir. 1997) (failure to define "intimidate" not plain error); United States v. Garza-Juarez, 992 F.2d 896, 910 (9th Cir. 1993) (failure to define "possession" not plain error); United States v. Bafia, 949 F.2d 1465, 1476 (7th Cir. 1991) (failure to define "in relation to" not error); United States v. Chambers, 918 F.2d 1455, 1460 (9th Cir. 1990) (failure to define "knowingly" not plain error).  Cf. Miller v. Neathery, 52 F.3d 634, 638-39 (7th Cir. 1995) (failure to define "recklessly" in the instructions was error – although not necessarily plain error – because it is an enigmatic term that lawyers and lay persons have difficulty describing).

These cases establish the proposition that "[a] district court need not define a term when its use in jury instructions comports with its ordinary meaning." Neathery, 52 F.3d at 638.  Because "in furtherance of" is a phrase of general use that naturally connotes more than mere possession, we conclude that failure to

---

[3](...continued)
United States v. Salazar, 1998 WL 339456, at *2 (10th Cir. Jun. 10, 1998); United States v. Arias-Santos, 1997 WL 452254, at *4 (10th Cir. Aug. 8, 1997).

provide a corresponding definition did not invite the jury to convict Robinson upon a finding that he merely possessed the rifle.

## C

Robinson next tells us that the evidence was insufficient to convict him for possessing a firearm in furtherance of a drug trafficking crime arising out of the Sequoyah County arrest. The standard of review in a challenge to the sufficiency of the evidence is de novo. United States v. Dazey, 403 F.3d 1147, 1159 (10th Cir. 2005). Viewing all evidence in the light most favorable to the government, "[w]e examine all of the evidence and the reasonable inferences to be drawn from that evidence to determine whether any rational juror could have found the elements of the crime beyond a reasonable doubt." Id. Because a rational juror could easily have found that Robinson possessed his rifle in furtherance of a drug trafficking crime, this challenge is unsuccessful.

There are two firearms that the jury could have found Robinson possessed in furtherance of his methamphetamine making activity: the loaded, high-powered rifle laying beside him, and the repeating .22 caliber pistol.[4] Robinson does not dispute that he possessed the rifle. He insists, however, that he did not possess the weapon "in furtherance of" a drug trafficking crime.

---

[4] Because we conclude that a rational juror could have well found that Robinson possessed the rifle in furtherance of the drug crime, we need not address his arguments concerning the pistol.

- 11 -

Robinson's first proposition, an attempt at logical deduction, argues that if he had really intended to possess his rifle in furtherance of his drug trafficking operation, he would not have let Hyde take it from him, only to wrestle with the trooper moments later over the contents of a nearby bag. This argument presupposes, however, that Robinson knew Hyde was a state trooper as he first approached him in plain clothes – an assumption contrary to fact – and that Robinson was acting rationally. The record leaves us with considerable doubt as to this latter presupposition, given that when Robinson was found, he was sitting in the mud intoxicated, beside a half empty bottle of liquor and a glass smoking pipe. Robinson's failure to use the rifle to guard his operation when first confronted by Hyde does not preclude a jury finding that Robinson possessed the rifle to further his methamphetamine making activity.

Robinson's second argument insists that the evidence only permitted the jury to conclude that he "merely possessed" the rifle, and not that he "possessed [the rifle] in furtherance of" a drug trafficking offense. After the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995), holding that the "use" prong of § 924(c)(1) requires "active employment," and not "mere possession," of the firearm by the defendant, Congress amended § 924(c)(1) to explicitly criminalize "possession" when that possession is "in furtherance of" a drug trafficking crime. In United States v. Iiland, 254 F.3d 1264, 1271 (10th Cir.

2001), we applied the revised § 924(c)(1) to a conviction for possessing a firearm in furtherance of a drug trafficking crime and recognized that "[t]he mere presence of a firearm in an area where a criminal act occurs is not a sufficient basis for imposing this particular mandatory sentence." We then proceeded to hold that "possession in furtherance," requires the government to show that the weapon "furthered, promoted or advanced" a drug trafficking crime. Id. at 1274.

Although we require more than "mere possession" to support a conviction under § 924(c)(1), we specifically have held that "a firearm that is kept available for use if needed during a drug transaction, is 'possessed in furtherance of' drug trafficking . . . so long as such possession" is intended by the drug trafficker. United States v. Basham, 268 F.3d 1199, 1208 (10th Cir. 2001). Several factors may facilitate proof of this "necessarily . . . circumstantial evidence" of the defendant's intent. Id. They are: (1) the type of drug activity being conducted, (2) the accessibility of the firearm, (3) the type of firearm, (4) the legal status of the firearm, (5) whether the firearm is loaded, (6) the proximity of the firearm to drugs or drug profits, and (7) the time and circumstances under which the firearm is found. Id.

Applying Basham and focusing on the rifle alone, the evidence is not only sufficient to sustain Robinson's conviction for possessing the rifle "in furtherance of" a drug trafficking offense, it is overwhelming: Robinson was involved in an

attempt to manufacture methamphetamine; the firearm was a fully loaded and chambered high-powered rifle easily within reach; the firearm was in close proximity to drug paraphernalia; and Robinson struggled with Hyde over a bag that may have contained a loaded weapon. Because these facts are clearly sufficient for a rational juror to find that Robinson intended to possess the rifle in furtherance of his methamphetamine making activity, Robinson's challenge fails.

### III

Because none of the challenged jury instructions were misleading, and because there was sufficient evidence supporting the challenged firearm conviction, Robinson's convictions are **AFFIRMED**. Moreover, because the government concedes that the district court's application of the United States Sentencing Guidelines ("guidelines") in a mandatory fashion warrants resentencing, Robinson's sentence is **VACATED** and **REMANDED**.