**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 29, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BRANDON KEITH HILL,

Defendant-Appellant.

No. 06-6363
(D.C. No. CR-05-00011-01-L)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, Circuit Judge, **BRORBY**, Senior Circuit Judge and
**TYMKOVICH**, Circuit Judge.

---

The district court convicted Brandon Keith Hill of various federal crimes

on evidence that he was a pimp, running a ring of prostitutes (some of whom were

minors) whom he transported across state lines from Oklahoma to Texas, Florida,

and Colorado.  Hill was convicted in count one of a superceding indictment of

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

operating a business enterprise involving prostitution through coercion and by relying on a facility in interstate commerce to further that enterprise in violation of various state laws and 18 U.S.C. §§ 2421 and 2422. He was also convicted under count one of engaging in interstate travel or transportation in aid of a racketeering enterprise in violation of 18 U.S.C. § 1952. Hill does not appeal these convictions.

He does, however, appeal his conviction on counts two through six for knowingly transporting various females in interstate commerce with the intent that the females engage in prostitution in violation of 18 U.S.C. § 2421, and for aiding and abetting such activity in violation of 18 U.S.C. § 2. Hill contends that the evidence was insufficient to convict him on these charges. He also argues that his sentence was excessive and unreasonable.

Our jurisdiction arises under 28 U.S.C. § 1291. Because a rational fact finder could easily have found that Hill either transported or aided and abetted the transportation of females in interstate commerce for the purpose of prostitution, the convictions on counts two through six are affirmed. We agree with both parties that the sentence imposed here constitutes plain error. We therefore remand this case to the district court with instructions to vacate the sentence and to re-sentence Hill in accordance with this order and judgment.

Sufficiency of the Evidence

We review a challenge based on insufficiency of the evidence de novo, viewing all evidence in the light most favorable to the government. *United States v. Robinson*, 435 F.3d 1244, 1250 (10th Cir. 2006). In doing so "we examine all of the evidence and the reasonable inferences to be drawn from that evidence to determine whether any rational [fact finder] could have found the elements of the crime beyond a reasonable doubt." *Id.* (quotation omitted).

Hill argues that the government failed to prove he actually transported individuals in interstate commerce for the purpose of prostitution. Hill ignores the fact, however, that he was also charged and convicted of aiding and abetting such activity in violation of 18 U.S.C. § 2. Further, in cases of this type, "intent, motive and purpose of an accused may be proved by circumstantial evidence and the environment and conduct of the parties within a reasonable time before and after the transportation may be considered." *Johnson v. United States*, 380 F.2d 810, 811 (10th Cir. 1967). Applying this standard, we are left with no doubt as to the sufficiency of the evidence.

While Hill is correct that the record fails to establish that he literally "transported" the women across state lines, *see United States v. Footman*, 215 F.3d 145, 153 (1st Cir. 2000), there is abundant evidence that, as an aider and abetter, Hill "caused" the women to be so transported in order to facilitate their prostitution, *id.* Because an aider and abettor is deemed to be a principal under

the law, *United States v. Cooper*, 375 F.3d 1041, 1049 (10th Cir. 2004), Hill was properly convicted on counts two through six.

Sentencing error

In reliance on an erroneous pre-sentence report which mistakenly calculated Hill's guideline range at 188 to 235 months, the district court sentenced Hill to 210 months imprisonment. The error arose when the pre-sentence report treated two of the victims as minors when, in fact, both were adults. *Compare* United States Sentencing Guidelines Manual (USSG) § 2G1.3 (2005) (applicable when the victim is a minor) *with* U.S.S.G. § 2G1.1 (applicable when the victim is not a minor). When properly recalculated, the correct guideline range was 151-188 months. As mentioned above, the government, with necessary but still appreciated candor, concedes this error.[1]

Because Hill did not object to the method by which the district court arrived at his sentence, we review only for plain error. *United States v. Lopez-Flores*, 444 F.3d 1218, 1221 (10th Cir. 2006), *cert. denied*, 127 S. Ct. 3043 (2007). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1222 (quotation omitted).

---

[1]    While we appreciate the government's approach, we note that a party's concession on a matter of law does not bind this court. *United States v. Osuna*, 189 F.3d 1289, 1295 n.7 (10th Cir. 1999).

Under this framework, it is clear that the district court erred in calculating Hill's sentence based on a faulty understanding of the age of two of the victims. The error was also plain because it is clear and obvious under current law that U.S.S.G. § 2G1.3 applies only when the victim is a minor. *See United States v. Johnson*, 520 U.S. 461, 467-68 (1997) (defining "plain" error); *see also* U.S.S.G. § 2G1.3 and cmt. n.1 (dealing strictly with offenses involving minors who are defined, *inter alia*, as "individuals who have not attained the age of 18 years"). The error here also affected substantial rights because it "affected the outcome of the district court proceedings" resulting in a sentence beyond the applicable guideline range and rendering the sentence illegal. *United States v. Olano*, 507 U.S. 725, 734 (1993); *United States v. Brown*, 316 F.3d 1151, 1160 n.4 (10th Cir. 2003). And, finally, this court has discretion to correct the error if Hill persuades us that the plain error here "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Olano*, 507 U.S. at 736 (quotation omitted). Because the error resulted in a sentence at least twenty-two months above the guideline maximum, the plain error satisfies this fourth prong of *Olano*, and we will exercise our discretion to correct it. *See Brown*, 316 F.3d at 1161 (collecting cases).

We AFFIRM Hill's convictions but REVERSE and REMAND for the district court to vacate the sentence and to re-sentence Hill in accordance with this order and judgment.

Entered for the Court


Wade Brorby
Senior Circuit Judge