FILED
United States Court of Appeals
Tenth Circuit

May 24, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KEITH RAY MORGAN,

    Defendant - Appellant.

No. 18-7032
(D.C. No. 6:18-CR-00007-RAW-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McKAY**, and **BALDOCK**, Circuit Judges.
_____

Defendant Keith Ray Morgan pled guilty to being a felon in possession of a

firearm. His Presentence Investigation Report calculated an advisory sentencing

range of thirty-seven to forty-six months of imprisonment, based in part on a four-

level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possessing the firearm in

connection with a felony drug offense. Defendant objected to this enhancement,

arguing that (1) the small amount of methamphetamine found in his residence was

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.
    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

consistent only with personal use, not trafficking, (2) the methamphetamine might have been possessed by the woman who was the sole occupant of the residence when the search warrant was executed, and (3) the government had failed to show that any possession of the illegal drugs was in connection with his possession of the firearm at the residence.

At the sentencing hearing, the district court held that the government had sufficiently supported the application of this enhancement based on extensive evidence tying Defendant to the residence, combined with evidence that "law enforcement located [a] five[-]gallon bucket with a strong chemical smell that contained the necessary components of a meth lab," as well as "residual amounts of methamphetamine and drug paraphernalia" in the residence. (R. Vol. II at 17.) In reciting the evidence tying Defendant to the residence, the district court noted that the woman present at the residence at the time of the search—Defendant's cousin— said she had only been staying there for "a couple of days." (*Id.*) Based on all of the evidence, the court "f[ound] by a preponderance of the evidence that the defendant [wa]s appropriately held accountable for possessing the firearm in connection with drug manufacturing materials." (*Id.*) The court thus overruled the objection and adopted the Presentence Investigation Report. The court then imposed a bottom-of-the-guidelines sentence of thirty-seven months.

Defendant raises a single issue on appeal, arguing that the court erred in applying the § 2K2.1(b)(6)(B) enhancement because the evidence was insufficient to support the inference that he actually manufactured methamphetamine in the

2

residence. Defendant points out, for instance, that there was no evidence "that any of the components in the bucket were assembled into an operating laboratory," nor was there any evidence of "a substance, such as the familiar two-layer liquid, that could have eventually produced methamphetamine." (Appellant's Br. at 12.)

"We review the factual findings underlying a district court's sentencing determination for clear error and review the underlying legal conclusions *de novo*." *United States v. Hooks*, 551 F.3d 1205, 1216 (10th Cir. 2009). "We give due deference to the district court's application of the Sentencing Guidelines to the facts." *Id.* at 1216–17 (internal quotation marks and brackets omitted). For sentencing purposes, "[f]actual findings must be supported by a preponderance of the evidence." *Id.* at 1217. "Clear error exists if a factual finding is wholly without factual support in the record, or after reviewing the evidence, we are definitively and firmly convinced that a mistake has been made." *Id.* (internal quotation marks omitted).

Section 2K2.1(b)(6)(B) of the Sentencing Guidelines provides in part that a four-level enhancement should be applied if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." For purposes of this subsection, "[a]nother felony offense" is defined as "any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1 cmt. n.14(C). Where the other felony offense is a drug-trafficking offense, the application

3

applies if "a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." *Id.* cmt. n.14(B).

Even assuming for purposes of appeal that the evidence in this case was insufficient to establish that Defendant actually manufactured methamphetamine, we are persuaded that the district court properly applied this enhancement. As the government points out, the attempt to manufacture methamphetamine would also qualify as "any federal . . . offense . . . punishable by imprisonment for a term exceeding one year." *Id.* cmt. n.14(C); *see also* 21 U.S.C. § 846 ("Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."); 21 U.S.C. § 841 (setting forth lengthy terms of imprisonment for manufacturing methamphetamine, among other offenses).

"[A] defendant need not possess a full 'working lab' to be convicted of attempting to manufacture methamphetamine." *United States v. Robinson*, 435 F.3d 1244, 1249 (10th Cir 2006). "Seemingly innocuous items possessed in particular combinations and particular circumstances can constitute circumstantial evidence sufficient for a jury to draw reasonable inferences that a defendant took substantial steps toward the commission of the substantive offense, i.e., manufacturing methamphetamine." *Id.* (internal quotation marks and brackets omitted); *see also, e.g.*, *United States v. McGehee*, 177 F. App'x 815, 820 (10th Cir. 2006) ("Intent to manufacture methamphetamine may be inferred from the surrounding circumstances.

4

And the substantial step requirement may be inferred where many of the materials necessary for manufacturing methamphetamine were present." (citation omitted)).

In this case, we see no error, much less clear error, in the district court's findings that the items found in the searched residence included a "five[-]gallon bucket with a strong chemical smell that contained the necessary components of a meth lab" and "residual amounts of methamphetamine and drug paraphernalia." (R. Vol. II at 17.) Nor do we see any error in the district court's finding that there was a significant amount of evidence linking Defendant to the residence where the police located these drug-related items near the firearm he pled guilty to possessing. We are persuaded that the government's evidence is sufficient to show by a preponderance of the evidence that Defendant engaged in the offense of attempting to manufacture methamphetamine, which is a felony offense under federal law.

Moreover, because the attempt to manufacture methamphetamine is a drug-trafficking offense, *see Robinson*, 435 F.3d at 1251, the government only needed to show that the firearm was "found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia," U.S.S.G. § 2K2.1 cmt. n.14(B). The undisputed facts in this case reflect that the police found both the firearm and the bucket containing meth lab components in the trailer identified as Defendant's residence, and Defendant does not dispute that these items were located sufficiently near each other to satisfy the "close proximity" requirement of the guideline.

We therefore uphold the district court's application of this enhancement and **AFFIRM** Defendant's conviction and sentence.

Entered for the Court

Monroe G. McKay
Circuit Judge