F I L E D

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**July 14, 2005**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DONALD L. JOHNSON, SR.,

Defendant-Appellant.

No. 03-3340

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. NO. 03-CR-20013-002-JWL)**

Vicki Mandell-King, Assistant Federal Public Defender (Raymond P. Moore, Federal Public Defender, with her on the briefs), Denver, Colorado, for Defendant-Appellant.

Terra D. Morehead, Assistant United States Attorney (Eric F. Melgren, United States Attorney, with her on the brief), Kansas City, Missouri, for Plaintiff-Appellee.

Before **KELLY** , **O'BRIEN** , and **TYMKOVICH** , Circuit Judges.

**TYMKOVICH** , Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material

assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

In this appeal we address one issue only:  the sentencing of defendant-appellant Donald Johnson, Sr.  Finding that Johnson satisfies his burden under plain error review, we remand his case for resentencing.

## BACKGROUND

In November 2003, a federal jury in the District of Kansas convicted Johnson on three counts related to possession and distribution of illegal drugs. Specifically, the jury convicted on the following charges:  (1) conspiracy to possess with the intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846; (2) aiding and abetting the distribution of 50 grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2; and (3) maintaining a dwelling for the purpose of distributing crack cocaine in violation of 21 U.S.C. § 856(a)(1).

The district court then proceeded to sentencing.  The presentence report calculated Johnson's sentencing range by starting with a base offense level of 38 as directed by United States Sentencing Guidelines § 2D1.1(a)(3)(c)(1).  Johnson then received a 2-level firearm enhancement under § 2D1.1(b)(1).  In addition, the PSR calculated five criminal history points, which placed Johnson in Criminal History Category III.  Two of these criminal history points were based on the

belief that Johnson was on parole when he committed his crimes.       *See* USSG § 4A1.1(d).  These computations set Johnson's guideline range at 360 months to life imprisonment.  The district court, adopting the findings of the PSR, sentenced Johnson to 360 months.

## ANALYSIS

Johnson argues that his sentence violates the Sixth Amendment as interpreted by *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), and *United States v. Booker*, —U.S.—, 125 S. Ct. 738 (2005).  According to Johnson, the district court erred in two respects.  First, the court erred in adding the 2-level firearm enhancement because it was based on judge-found facts not alleged in the superceding indictment or tried to the jury.  Second, the court erroneously concluded that Johnson was on parole when he committed the crimes for which he was tried.  Without the two additional criminal history points owing to the court's parole finding, Johnson would have been in Criminal History Category II, not III.  Had the court not made these alleged errors, Johnson's guideline range would have been 262 to 327 months.

We agree with Johnson that his sentence violates the Sixth Amendment.  Beginning first with the district court's criminal history computation, the PSR (which the court adopted) simply got it wrong, which the government concedes on appeal.  The PSR added two criminal history points based on its conclusion that

Johnson "was supervised by the Kansas Parole Office in Kansas City, KS, until *December 7, 1998*, at which time he was discharged from supervision." (emphasis added). However, in denying Johnson's motion for judgment of acquittal, the district court found that the conspiracy charged in the superceding indictment did not begin until *1999*. Thus, Johnson was *not* on parole when he engaged in the conspiracy, and, accordingly, he should have been in Criminal History Category II. As to the firearm enhancement, it is now axiomatic that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S. Ct. at 756. The firearm enhancement was based on a judge-found fact not admitted by Johnson or tried to the jury. Because the 2-point enhancement resulted in a sentence that exceeded the maximum authorized by the jury verdict, Johnson's sentence violates the rule stated in *Booker*.[1]

---

[1] We note it is only the combination of these errors that gives rise to a Sixth Amendment violation. Had the district court correctly determined Johnson's Criminal History Category but still given the 2-level firearm enhancement, the sentencing range would be 324 to 405 months. The actual sentence of 360 months is well within this range and therefore permissible under the Sixth Amendment. *See United States v. Yazzie*, 407 F.3d 1139, 1144–45 (10th Cir. 2005). Similarly, if the only error was the wrong Criminal History Category (Category III) without any additional enhancements, his range would be 292 to 365 months, which, again, would not result in a constitutional violation. *Id.*

Because the district court made factual findings in violation of the Sixth Amendment, this case involves constitutional *Booker* error. *See United States v. Gonzalez-Huerta*, 403 F.3d 727, 731–32 (en banc) (distinguishing between "constitutional *Booker* error" and "non-constitutional *Booker* error"). As Johnson did not assert a constitutional objection during sentencing, we must review the district court's sentence for plain error. *Id.* at 732; Fed. R. Crim. P. 52(b). To meet this standard, Johnson must show that the district court (1) committed error, (2) that the error was plain, and (3) that the plain error affected his substantial rights. *United States v. Cotton*, 535 U.S. 625, 631 (2002). If these three criteria are met, then (4) we may exercise discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *Id.* at 631–32. However, we apply these factors "less rigidly when reviewing a potential constitutional error." *United States v. Dazey*, 403 F.3d 1147, 1174 (10th Cir. 2005) (quoting *United States v. James*, 257 F.3d 1173, 1182 (10th Cir. 2001)).

In Johnson's case, the two errors committed by the district court were different in nature. The judge-found fact that resulted in a mandatory firearm enhancement was error under *Blakely* and *Booker*. The other error, the erroneous criminal history calculation, amounted to an "incorrect application of the

sentencing guidelines" under 18 U.S.C. § 3742(f)(1). [2] In either instance, the district court in this case (1) committed error that (2) is plain. *See, e.g.*, *Gonzalez-Huerta*, 403 F.3d at 732 (holding that sentencing under mandatory guideline scheme is error that is plain); *United States v. Mendez-Lopez*, 338 F.3d 1153, 1159–60 (10th Cir. 2003) (noting that erroneous criminal history calculation can be error that is plain where the court's mistake is "clear and obvious").

Johnson has also met the third plain error prong. To show that an error affected substantial rights, the defendant must show "a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." *United States v. Dominguez Benitez*, 542 U.S. 74, 124 S. Ct. 2333, 2339 (2004) (quotation omitted). In Johnson's case, this is most easily shown by the court's erroneous criminal history calculation. Circuit precedent establishes that the application of the wrong guideline range through obvious error "constitutes a fundamental error affecting substantial rights within the meaning of

---

[2] This section reads:

If the court of appeals determines that—

(1) the sentence was imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines, the court shall remand the case for further sentencing proceedings with such instructions as the court considers appropriate.

Rule 52(b)." *United States v. Smith*, 919 F.2d 123, 124 (10th Cir. 1990); *see also Gonzalez-Huerta*, 403 F.3d, at 739 n.11; *United States v. Herndon*, 982 F.2d 1411, 1419 (10th Cir. 1992) (citations omitted). Johnson's case, then, rests on his ability to meet the fourth plain error prong.

Under the fourth prong, Johnson has the burden of showing the errors seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *Gonzalez-Huerta*, 403 F.3d at 736 (citation omitted). In non-constitutional cases, such as *Gonzalez-Huerta*, a defendant satisfies his burden under the fourth prong only by showing that the error is both "particularly egregious" and that failure to notice the error would result in a "miscarriage of justice." *Id.* Because this is a constitutional case, however, we conduct our analysis "less rigidly," *United States v. Clifton*, 406 F.3d 1173, 1182 (10th Cir. 2005) (citation omitted), meaning "we do not require the exceptional showing required to remand a case of non-constitutional error." *Dazey*, 403 F.3d at 1178. In any event, the fourth plain error prong is a "demanding standard, and of course, depends on the facts of the particular case." *Gonzalez-Huerta*, 403 F.3d at 737 (citation omitted).

One factor we consider is whether the district court's sentence would change by a significant degree upon resentencing under a discretionary regime, or whether instead the court would simply reimpose the same sentence on remand.

*See United States v. Lawrence*, 405 F.3d 888, 907 (10th Cir. 2005) (citation and quotation omitted); *see also Williams v. United States*, 503 U.S. 193, 203 (1992) ("[I]n determining whether a remand is required under § 3742(f)(1), a court of appeals must decide whether the district court would have imposed the same sentence had it not relied upon the invalid factor or factors."). Of course, we cannot know with certainty how the district court would act in a discretionary environment, but, nevertheless, we look to the record for guidance.

At the sentencing hearing, Johnson's counsel made the following appeal for leniency:

> I believe the only thing we can stand before this court and ask for is for the leniency that you may deem fit. . . . I would ask the court to take into account my client's age. It is well documented in the court files that he is not in the best of health. Quite frankly, with the sentencing guideline, I can only imagine that whatever sentence [the court gives] . . . it is probably life in prison . . . given the fact that he's not a young man. [3]

Sentencing Tr. at 8. The government, on the other hand, requested that the court sentence Johnson to life in prison, noting that "[t]his is probably the most substantial crack cocaine case that this district has ever seen and may ever see again." *Id.* at 9. The district court, although agreeing that Johnson presented "a very serious case," disagreed with the government's assessment, saying "I actually beg to differ as to whether or not Mr. Johnson is more culpable than

---

[3] Johnson was age 53 at sentencing.

[certain other defendants that had appeared before the district court on drug charges]." *Id.* at 10. The court then concluded:

> Mr. Johnson is 53. A 360-month sentence, which is the minimum this court would be allowed to give in this particular case, would mean that Mr. Johnson would be incarcerated under the most optimistic thought concerning his health and welfare until he was age 83, and I do believe that if that is the case society will not be further benefited by incarcerating Mr. Johnson beyond the age of 83; therefore, I do believe a 360-month sentence is entirely appropriate in this case.

*Id.* at 11. Finally, the district court noted that its sentencing decision was based on consideration of the nature of the offense, Johnson's background, and the other sentencing objectives identified in 18 U.S.C. § 3553(a). *Id.* at 13.

In our view, the court's rough satisfaction with Johnson's sentence weighs against noticing plain error under the fourth prong. The district court stated on the record that a 360-month sentence was "entirely appropriate" and satisfied the sentencing objectives identified in § 3553(a). This is evidence the district could would simply reimpose the same sentence were we to remand for resentencing.

Yet, on the other hand, the district court rejected the government's request for a life sentence and instead sentenced Johnson at the bottom of the guideline range. On balance, these circumstances weigh in favor of noticing a sentencing error. *Cf. Lawrence*, 405 F.3d at 908 (declining to notice constitutional *Booker* error because the district court rejected defendant's request for sentence at bottom of guideline and instead sentenced defendant two months above the bottom). In

addition to these circumstances, without the sentencing errors, Johnson faced a maximum of 327 months in prison. In combination, the errors increased Johnson's minimum guideline sentence nearly 100 months, from 262 months to 360 months. Even a sentence at the high end of the lower range would be a significant reduction in jail time—a maximum of 327 months. This "substantial increase[]" in Johnson's sentence similarly weighs in favor of noticing the errors, especially where the error is constitutional in nature. *Dazey*, 403 F.3d at 1178–79; *United States v. Hauk*, —F.3d—, No. 04-3113, 2005 WL 1499676, at *15 (10th Cir. June 24, 2005) (in exercising discretion to notice constitutional *Booker* error, stating 30 months "is a substantial amount of prison time"). We also cannot ignore the somewhat unique facts of this case. The government has conceded that Johnson's criminal history category was the result of obvious calculation errors contained in the PSR. Our case law shows that such errors will be noticed more freely on plain error review. *See United States v. Smith*, 919 F.2d 123, 124–26 (10th Cir. 1990) (holding that the "obvious error" in calculating the amount of a fine under the guidelines constituted plain error and required resentencing). Finally, as we have observed, we apply the fourth prong analysis less rigidly in the case of constitutional error.

Thus, considering these factors together, we hold that Johnson has satisfied his burden under all four plain error prongs. Remand is therefore appropriate.

-10-

**CONCLUSION**

For the aforementioned reasons, we REMAND for resentencing. Johnson's motion to raise a new issue in a supplemental brief is GRANTED.