**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 6, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

EMIGDIO BUSTILLOS - MEDRANO,

       Defendant - Appellant.

No. 09-2305
(D.C. No. 1:08-CR-01684-JCH-1)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Circuit Judge, **HOLLOWAY**, Circuit Judge, and **MELGREN**, District Judge.[**]

---

       Mr. Emigdio Bustillos-Medrano (Bustillos or defendant) was indicted on one count of illegal re-entry of a removed alien. Mr. Bustillos brings this direct appeal from his sentence, an appeal which is authorized by 18 U.S.C. § 3742(a) and is within the jurisdiction granted this court by 28 U.S.C. § 1291.

**I**

       Mr. Bustillos was incarcerated in Albuquerque after his arrest on a state charge of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.32.1.

[**]The Honorable Eric F. Melgren, United States District Judge for the District of Kansas, sitting by designation.

burglary. A few days after defendant's arrest, an agent from the federal Immigration and Customs Enforcement was checking the immigration status of inmates at the jail and determined that Bustillos was not only in the country illegally but that he had been deported previously. Some months later, after defendant had pleaded guilty to the burglary charge and received a suspended sentence, defendant was prosecuted in federal court for illegal re-entry after removal, a violation of 8 U.S.C. § 1326. Defendant pleaded guilty.

The presentence report (PSR) recommended that the base offense level (eight) be increased by sixteen because prior to his removal defendant had been convicted of "residential burglary,"[1] a "crime of violence" for purposes of § 2L1.2(b)(1)(A)(ii) of the Sentencing Guidelines. Defendant was in criminal history category six. The resulting advisory guidelines range was 77 to 96 months.

Significantly for purposes of this appeal, Mr. Bustillos did not question the application of the sixteen-level enhancement in the calculation of the advisory guidelines sentence. Instead, he asked the district court to vary downward from the calculated range and impose a sentence of fifteen months' imprisonment. He argued that the advisory guidelines sentence was unreasonable in his case and more than necessary to achieve the goals of sentencing set out in 18 U.S.C. § 3553(a). He cited cases in which other courts have, in specific circumstances found the sixteen-level enhancement "excessively harsh in effect," in his words.

_____

[1]As discussed *infra*, "residential burglary" is not an offense defined per se in the New Mexico statutes.

The judge did grant a downward variance from the Guidelines range, although the variance was not nearly as great as the one Mr. Bustillos had requested. The judge sentenced defendant to sixty months' imprisonment.

## II

On appeal, Mr. Bustillos challenges only the calculation of the applicable advisory guideline range, specifically the sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). Thus, his challenge is only to the procedural reasonableness of his sentence. *See United States v. Martinez*, 610 F.3d 1216, 1223 (10th Cir. 2010) (noting that we review criminal sentences for reasonableness, which includes substantive and procedural components, and that proper calculation of the advisory guideline range is necessary for procedural reasonableness). Because Mr. Bustillos did not raise this issue in the district court, he concedes that our review is only for plain error. *See United States v. Zubia-Torres*, 550 F.3d 1202 (10th Cir. 2008).

The sixteen-level enhancement at issue here is added to the base level for the crime of illegal re-entry if the defendant prior to removal from this country had been convicted of a crime falling within certain categories. Of those categories, the one relevant in this appeal is that of "a crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). The authoritative application notes for this guideline include a definition of "crime of violence," and that definition provides that the term includes, *inter alia*, the offense of "burglary of a dwelling" under federal, state or local law. *Id.*, comment. (n.1(B)(iii)).

Mr. Bustillos asserts that the New Mexico statutes do not in fact include either a

crime of "burglary of a dwelling," the term used in the Guidelines definition, or a crime of "residential burglary," as his prior conviction was described in the PSR. The statute defining the basic offense of burglary in New Mexico states:

> A. Any person who, without authorization, enters a dwelling house with intent to commit any felony or theft therein is guilty of a third degree felony.
> B. Any person who, without authorization, enters any vehicle, watercraft, aircraft or other structure, movable or immovable, with intent to commit any felony or theft therein is guilty of a fourth degree felony.

N.M. Stat. Ann. § 30-16-3.[2]

Defendant points out that the PSR described his relevant prior conviction in 2000 as being for "residential burglary." In further description, the PSR says that a victim had reported that a bicycle and a drill had been taken from a storage shed, and that other items, including a backpack, binoculars, and a handgun, had been taken from within the victim's residence. But, defendant says, the PSR does not say which items were the basis of the conviction, and there were no documents from the state court case to supply that information. If the conviction were based only on the items taken from the storage shed, it would not have been burglary of a dwelling and the enhancement should not have been applied. If the burglary had been only of the storage shed, the proper guidelines enhancement would have been only four levels, which would have resulted in an advisory guidelines range of only 24-30 months, defendant asserts.

In making the guidelines determination for enhancement based on a prior conviction,

___

[2]Section 30-16-4 of the New Mexico statutes defines "aggravated burglary." That provision is not at issue in this appeal.

the sentencing court is limited to examining the language of the statute of conviction, the terms of the charging document, the terms of the plea agreement or transcript of the plea colloquy or comparable judicial records. *United States v. Taylor*, 413 F.3d 1146, 1157 (10th Cir. 2005). Because the statute at issue here is not determinative, and there were no other court documents, Mr. Bustillos argues that the district court here could not have determined whether he had been convicted in 2000 of burglary of the residence or only of the storage shed. Because this made a substantial difference in calculating the applicable guideline range, defendant concludes, it affected substantive rights and requires reversal.

The government's argument in response relies primarily on the strict standards of plain error review. Ordinarily, the government would have had the burden of providing documentary evidence to support the enhancement if challenged by the defendant. But the government argues that where, as here, the defendant has not challenged the enhancement, the government has no such burden. This, the government contends, is what this court held in *United States v. Zubia-Torres*, 550 F.3d 1202, 1204 (10th Cir. 2008), and that case is controlling here.

*Zubia-Torres* also involved a sixteen-level enhancement of the offense level for illegal re-entry, but in that case the prior conviction on which the enhancement was based was a drug trafficking crime. On appeal, Mr. Zubia-Torres challenged the enhancement, contending that the Nevada statute on which the previous conviction had been based was broad enough to encompass mere possession offenses as well as trafficking offenses, and that therefore the basis for the enhancement in federal court had not been established. This court

held that the argument could not clear the third hurdle of plain error review: Zubia-Torres could not show that his substantial rights had been violated because the government might have been able to prove the basis for the enhancement had a challenge been made in the trial court requiring it to do so. Because plain error review controlled, the burden on appeal was shifted to Zubia-Torres to show that the documents of the prior state conviction would not have proven the basis for the enhancement, and he had no such evidence.

We conclude that *Zubia-Torres* is controlling. Here, as in that case, the defendant forfeited – rather than waived – a challenge to the enhancement in the district court. The record in the instant case, as in *Zubia-Torres*, discloses that counsel did not consciously choose to forego the argument but failed to recognize the argument. *See Zubia-Torres*, 550 F.3d at 1205. Accordingly, we can review the issue, but only for plain error. *Id.*

Under plain error review, the appellant must first show "(1) error, (2) that is plain, (3) which affects substantial rights. If these criteria are met, then we may exercise discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Id.* at 1208 (citing *United States v. Johnson*, 414 F.3d 1260, 1263 (10th Cir. 2005)).

On the merits, again *Zubia-Torres* is directly on point and so is controlling precedent. We said there that "because Mr. Zubia-Torres failed to present any evidence suggesting that imposition of the § 2L1.2 enhancement was ultimately inappropriate in his case, he cannot show that his substantial rights were affected by any error that may have been committed." *Id.*

The same is true in this case.  Mr. Bustillos cannot show that his substantial rights were affected.  There is only a speculative possibility that Mr. Bustillos could have successfully challenged the enhancement.  We cannot say that the sentence here was procedurally unreasonable on the basis of such speculation.  Accordingly, the sentence must be and hereby is AFFIRMED.

Entered for the Court

William J. Holloway, Jr.
Circuit Judge