**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 23, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

ELIAS ESCALANTE-BENCOMO,
also known as Jose Guzman, also
known as Arturo Gonzelez-Mendoza,

　　　　Defendant - Appellant.

No. 12-1392

(D. Colo.)

(D.C. No. 1:11-CR-00285-REB-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

After examining the parties' briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist in the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

Elias Escalante-Bencomo pleaded guilty to one count of illegal reentry, in

violation of 8 U.S.C. § 1326. On appeal, he claims the district court committed

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

plain error when it utilized U.S.S.G. § 2L1.2(b)(1)(A) in calculating his total offense level.  The government concedes the district court committed an error, that is plain, and which affects Escalante-Bencomo's substantial rights.  It asserts Escalante-Bencomo is not entitled to relief, however, because the error does not seriously affect the fairness, integrity, or public reputation of judicial proceedings.  Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), this court **remands** the matter to the district court to vacate Escalante-Bencomo's sentence and resentence him after considering a properly calculated advisory guidelines range.

In arriving at Escalante-Bencomo's total offense level for purposes of the sentencing guidelines, the Presentence Investigation Report ("PSR") began with a base offense level of eight.  U.S.S.G. § 2L1.2(a) (setting out base offense level for unlawfully entering or remaining in the United States).  The PSR added twelve levels pursuant to § 2L1.2(b)(1)(A), concluding Escalante-Bencomo's 1992 Utah state conviction for attempted aggravated assault was a crime of violence.[1]  The PSR then subtracted three points for acceptance of responsibility.  *Id.* § 3E1.1.  The PSR thus set Escalante-Bencomo's total offense level at seventeen.  The PSR concluded Escalante-Bencomo had five criminal history

---

[1]The PSR increased Escalante-Bencomo's offense level by twelve, rather than sixteen, because his conviction for attempted aggravated assault was too old to receive criminal history points.  U.S.S.G. § 2L1.2(b)(1)(A); *id.* § 4A1.2(e).

points, resulting in a criminal history category of III. In calculating Escalante-Bencomo's criminal history category, the PSR assigned no criminal history points to a number of prior convictions, concluding those convictions were too old to receive points under § 4A1.2(c). With a total offense level of seventeen and a criminal history category III, the PSR calculated Escalante-Bencomo's advisory guidelines range as thirty to thirty-seven months. *Id.* Ch. 5, Pt. A (sentencing table). At the sentencing hearing, both the government and Escalante-Bencomo indicated they had reviewed the PSR and had no objections or corrections to the calculations set out therein. The district court sentenced Escalante-Bencomo to a term of imprisonment of thirty-seven months, a sentence at the top of the range set out in the advisory Sentencing Guidelines.

Escalante-Bencomo asserts the district court committed plain error when it treated his 1992 Utah state attempted-aggravated-assault conviction as a crime of violence for purposes of U.S.S.G. § 2L1.2(b)(1)(A).[2] Instead, according to Escalante-Bencomo, the relevant Utah statutes make clear attempted aggravated

---

[2]As he concedes in his opening brief on appeal, this court must apply plain error review because he did not raise this issue before the district court. Fed. R. Crim. P. 52(b). Under plain error review, this court will reverse only if all of the following conditions are met: (1) there is error; (2) the error is plain; and (3) the error affects substantial rights. *United States v. Zubia-Torres*, 550 F.3d 1202, 1208 (10th Cir. 2008). If those three criteria are satisfied, this court "may exercise discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Id.*

assault is a misdemeanor.[3]  Escalante-Bencomo further argues that the district

court's plain error affects his substantial rights because the error led to the

application of the wrong advisory guidelines range.  *See United States v.*

*Gonzalez-Huerta*, 403 F.3d 727, 739 n.11 (10th Cir. 2005) (en banc) (holding that

district court's use of the wrong guideline "constitutes a fundamental error

affecting substantial rights within the meaning of Rule 52(b), thereby satisfying

the third prong of the plain error inquiry" (quotation omitted)).  Finally,

Escalante-Bencomo asserts this court should exercise its discretion to correct the

district court's error because that error seriously affects the fairness and integrity

of these judicial proceedings.  In particular, Escalante-Bencomo argues that

without the erroneous twelve-level increase to his offense level under

§ 2L1.2(b)(1)(A), his base offense level would have been subject to, at most, an

---

[3]As the government concedes, Escalante-Bencomo's assertion in this regard is correct.  To resolve whether his Utah state conviction for attempted aggravated assault is a felony for purposes of the guidelines, we must first determine the maximum sentence he could have received under Utah law.  U.S.S.G. § 2L1.2 cmt. n.2 (defining a felony as "any federal, state, or local offense punishable by imprisonment for a term exceeding one year").  In Utah, the penalty for an attempt derives from the classification of the completed crime.  During the relevant time period, Utah classified the completed offense of aggravated assault as a third degree felony.  Utah Code Ann. § 76-5-103(2) (1989).  An "attempt to commit . . . [a] felony of the third degree" was "a class A misdemeanor."  *Id.* § 76-4-102(4) (1983).  The maximum sentence for a class A misdemeanor in Utah in 1992 was "a term not exceeding one year."  *Id.* § 76-3-204 (2012).  Because attempted aggravated assault was not punishable by a term of imprisonment that exceeded one year, it is not a felony for purposes of § 2L1.2(b)(1).  U.S.S.G. § 2L1.2 cmt. n.2.

eight-level increase under U.S.S.G. § 2L1.2(b)(1)(C). This would result in a total offense level of thirteen, which when combined with a criminal history category III results in an advisory guideline range of eighteen to twenty-four months. U.S.S.G. Ch. 5, Pt. A (sentencing table). According to Escalante-Bencomo, this drastically reduced advisory guidelines range is sufficient to satisfy the fourth prong of plain error review. *United States v. Meacham*, 567 F.3d 1184, 1190-91 (10th Cir. 2009) (holding that in the context of a challenge to a sentence, an appellant can satisfy the fourth prong of plain error review by demonstrating a strong possibility of a significantly lower sentence).

In response, the government concedes Escalante-Bencomo has satisfied the first three requirements of plain error review.[4] It asserts, however, that he cannot satisfy the fourth prong of plain error review because he has failed to demonstrate a "correct application of the sentencing laws would likely significantly reduce the

---

[4]Despite this well-taken concession on the part of the government, it nevertheless argues this court's decisions in *United States v. Zubia-Torres*, 550 F.3d 1202, 1210 (10th Cir. 2008) and *United States v. Svacina*, 137 F.3d 1179, 1187 (10th Cir. 1998) preclude Escalante-Bencomo from obtaining relief at the fourth prong of plain error review. The government's arguments in this regard are unconvincing. The cases cited by the government are third-prong cases, which involve situations where an appellant's failure to object left the record devoid of factual development needed to resolve whether an alleged error affected the appellant's substantial rights. *Zubia-Torres*, 550 F.3d at 1209-10; *Svacina*, 137 F.3d at 1186-87. In this case, on the other hand, the factual record is clear and undisputed: Escalante-Bencomo was convicted in Utah state court in 1992 on a single charge of attempted aggravated assault. It is also clear and undisputed that this crime is a misdemeanor, not a felony.

length of the sentence." *United States v. Brown*, 316 F.3d 1151, 1161 (10th Cir. 2003). In so arguing, the government notes the district court made a significant sentencing error favoring Escalante-Bencomo and, thus, his correctly calculated advisory guidelines range is not nearly as low as Escalante-Bencomo contends.

In particular, in calculating Escalante-Bencomo's criminal history category, the PSR did not attribute any criminal history points to Escalante-Bencomo's 1996 Utah state burglary conviction. In support of this decision, the PSR cited U.S.S.G. § 4A1.2(e)(3). Sections 4A1.1(a) and 4A1.2(e)(1) make clear, however, that the PSR should have attributed three criminal history points to Escalante-Bencomo.[5] With those three extra criminal history points, Escalante-

---

[5]When he was convicted of burglary in 1996, the state court imposed an indeterminate sentence of zero to five years' imprisonment. Thus, the sentence exceeded thirteen months. U.S.S.G. § 4A1.2 cmt. n.2 ("For the purposes of applying § 4A1.1(a), (b), or (c), the length of a sentence of imprisonment is the stated maximum (*e.g.*, . . . in the case of an indeterminate sentence of one to five years, the stated maximum is five years . . . ."). "Any prior sentence of imprisonment exceeding [thirteen months] that was imposed within fifteen years of the defendant's commencement of the instant offense is counted." *Id.* § 4A1.2(e)(1). Because Escalante-Bencomo commenced the instant federal immigration offense no later than June 27, 2011, when he was discovered in the Mesa County Jail, and because the sentence on his Utah state burglary conviction was "imposed" on December 13, 1996, the PSR should have assessed three criminal history points to Escalante-Bencomo. *Id.* §§ 4A1.1(a), 4A1.2(e)(1).

Although Escalante-Bencomo does not concede the propriety of the government's calculations in this regard, he also does not contest them. Appellant's Reply Br. at 8 & n.3. This seems a wise choice, as this court's review of the guidelines manual leaves little doubt the PSR erred in failing to attribute to Escalante-Bencomo criminal history points for his 1996 Utah state

(continued...)

Bencomo's criminal history category becomes IV. *Id.* Ch. 5 Pt. A (sentencing table). A criminal history category IV, coupled with a total offense level of thirteen, results in an advisory guidelines range of twenty-four to thirty months' imprisonment. *Id.* Finally, according to the government, the mere seven-month difference between the high-end of the properly calculated advisory range (twenty-four to thirty months) and the advisory range applied by the district court (thirty to thirty-seven months) is not sufficient to demonstrate a likelihood of a significantly lower sentence on remand.

The government's assertions regarding the significance of the seven-month difference at issue in this case are at odds with this court's precedent. In *United States v. Cordery*, the government argued the appellant had not satisfied the fourth prong of plain error review because the district court's error resulted in, at most, an additional five months' imprisonment. 656 F.3d 1103, 1108 (10th Cir. 2011). We rejected this contention, concluding as follows: "An additional five months' imprisonment is significant in the context of a 51-month sentence—it is nearly a ten percent increase." *Id.* That being the case, it is easy to conclude the relatively larger percentage increase at issue here is likewise significant, thereby

_____

[5](...continued)
burglary conviction. Accordingly, for purposes of resolving this appeal, this court accepts the government's sentencing calculations.

-7-

satisfying Escalante-Bencomo's burden under the fourth prong of plain error review.[6]

Because Escalante-Bencomo has satisfied his burden of demonstrating each of the four prongs of plain error review, this court **remands** this case to the district court to vacate Escalante-Bencomo's sentence and resentence him after having considered a properly calculated advisory guidelines range.[7] Given that Escalante-Bencomo has already served a substantial portion of his sentence, we direct the issuance of the mandate forthwith and urge the parties to cooperate so the matter can be resolved on remand in a timely fashion.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

---

[6]In so ruling, this court is cognizant of the significant concern expressed by the district court at the sentencing hearing regarding Escalante-Bencomo's extensive history of immigration violations and criminal conduct and the district court's statement that it considered varying upward to account for that history. Critically, however, the district court ultimately decided the appropriate course of action was to impose a sentence within the advisory range set out in the guidelines. Having reviewed the entire record, we conclude the district court's ambivalent statements at sentencing do not overcome the significant and obvious error in calculating Escalante-Bencomo's advisory guidelines range. *Cf. United States v. Johnson*, 414 F.3d 1260, 1264-65 (10th Cir. 2005). That is, there is sufficient reason to think on remand the district court might well adhere to its decision to impose a sentence within a properly calculated advisory guideline range.

[7]Escalante-Bencomo's unopposed motions to substitute counsel and to supplement the record are hereby **granted**.